Case 4:24-cv-03107   Document 13   Filed on 09/25/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARJAN NOSRATI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-24-3107 |
| § | |
| DAVID ALLEN, DEPUTY CHIEF § | |
| OF MISSION, U.S. EMBASSY IN § | |
| ARMENIA, *et. al.*, § | |
| § | |
| Defendants. § | |

ORDER

Pending before the Court is Defendants' Motion to Dismiss (Document No. 10). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This is an immigration related matter. Plaintiff Marjan Nosrati ("Nosrati") brings suit against Defendants David Allen, the deputy chief of mission for the United States Embassy in Armenia, and Antony Blinken, the former Secretary of the Unites States Department of State (hereinafter "Defendants"), alleging inactivity in the review of her husband's visa application with United States Citizenship and Immigration Services ("USCIS"). Nosrati contends that her husband, Seyed Farshad Fatahnaei Asil, filed a visa application that has remained pending since 2005, and that Defendants have taken no further steps to adjudicate the visa application. In

response, Defendants contend that Mr. Asil's visa application has already been adjudicated, rendering this matter moot.

Based on the foregoing, on August 20, 2024, Nosrati filed suit in this Court pursuant to the Court's federal question jurisdiction, challenging Defendants' failure to process her husband's visa application within a reasonable time.[1] Defendants move to dismiss Nosrati's complaint, contending that this Court lacks subject matter jurisdiction and that Nosrati fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, a defendant supports its argument for lack of jurisdiction with evidence, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the

---

[1] *See Plaintiff's Complaint,* Document No. 1 at 1–8.

merits of jurisdictional claims." *Williams v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

3

## III. LAW & ANALYSIS

Defendants move to dismiss Nosrati's complaint, contending that this Court lacks subject-matter jurisdiction, and that Nosrati's complaint fails as a matter of law and fails to state a claim upon which relief can be granted. In response, Nosrati contends that she sufficiently states facts to support her claim for an unreasonable administrative delay. The Court will first consider Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Defendants first contend that Nosrati's complaint should be dismissed as moot because the visa application in question has already been adjudicated. Defendants further contend that a consular officer has already adjudicated the application and refused to issue the visa for Mr. Asil. In response, Nosrati contends that Mr. Asil's visa application process is still ongoing despite the consular officer's prior refusal.

The Federal Immigration and Naturalization Act grants "consular officers exclusive authority to review applications for visas." *Saavedra Bruno v Albright*, 197 F3d 1153, 1156 (DC Cir 1999) (citing 8 USC §§ 1104(a), 1201(a)). Pertinent regulation provides, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa [or] refuse the visa under [8 USC § 1182(a) or 8 USC § 1201(g)] or other applicable law." 22 CFR § 42.81(a).

4

Here, the Government argues that Nosrati's complaint is moot because the consular officer already adjudicated the visa application in question by refusing it pursuant to 8 USC § 1201(g). The Government further argues that this Court lacks the authority to order the consular officer to re-adjudicate the visa application, rendering Nosrati's complaint as moot. The Government also notes for the Court a plethora of caselaw wherein courts held that a consular officer's act of refusing a visa application under 8 USC § 1201(g) was a final adjudication and mooted the petitioner's request for relief. *See Gharamamaleki v. Blinken,* No. 4:23-CV-3119, 2024 U.S. Dist. LEXIS 176274 (S.D. Tex. Sep. 30, 2024) (Hanks, J.); *see also Yahya v. Blinken*, No. 4:23-cv-04005, 2024 U.S. Dist. LEXIS 128425, at *9 (S.D. Tex. July 22, 2024) (Eskridge, J.); *see also Bamdad v. United States Dep't of State,* No. 1:23-cv-757-DAE, 2024 U.S. Dist. LEXIS 23659, at *8 (W.D. Tex. Feb. 9, 2024); *see also Hussein v. Beecroft*, 782 F. App'x 437, 441-43 (6th Cir. 2019) (affirming the dismissal of a mandamus action as moot where a consular officer refused granting a visa, citing § 1201(g)).

In response, Nosrati contends that the Court should order the consular officer to perform a nondiscretionary duty owed to the Plaintiff, contending that Mr. Asil's application was not adjudicated in a timely manner. The Court has reviewed the record in this matter and finds that the consular officer's actions were final under the meaning of 8 USC § 1201(g). Accordingly, having considered the motion,

5

submissions, and applicable law in this case, the Court determines that it lacks the subject matter jurisdiction to adjudicate Nosrati's claim, considering there is no live controversy before the Court.[2] Thus, based on the foregoing, the Court determines that the motion to dismiss should be granted, and Nosrati's claims against Defendants should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 10) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Marjan Nosrati's claims against the Defendants in this matter are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 25 day of September, 2025.

DAVID HITTNER
United States District Judge

---

[2] Considering the Court's finding that it lacks the requisite subject matter jurisdiction to adjudicate this dispute, the Court declines to consider Defendants' arguments related to consular reviewability and factual sufficiency.